IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETWORK PROTECTION SCIENCES, LLC., <br><br> Plaintiff, <br><br> v. <br><br> JUNIPER NETWORKS, INC., FORTINET, INC., WATCHGUARD TECHNOLOGIES, INC., SONICWALL, INC. AND DEEP NINES, INC., <br><br> Defendants. | Civil Action No.: 2:10-CV-224-TJW-CE <br><br> JURY TRIAL DEMANDED |

## SUPPLEMENTAL DECLARATION OF TODD NELSON IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

I, Todd Nelson, declare:

1. I am Vice President of Legal at Fortinet, Inc. ("Fortinet"). I submit this supplemental declaration in support of Defendants' Motion to Transfer Venue to the Northern District of California. I have personal knowledge of the facts stated in this declaration and, if called upon to do so, would testify competently thereto.

2. As part of my general responsibilities, I coordinate with outside counsel regarding litigation, including all aspects of the discovery process. This includes identifying the location of relevant information, custodians likely to possess relevant information, and corporate representatives for depositions. Accordingly, I am familiar with Fortinet's employees and their responsibilities, and I am aware of where and how Fortinet maintains its documents and information.

3. As stated in my previous declaration, Fortinet does not maintain any facilities or documents in the Eastern District of Texas.

4. Fortinet has a total of one thousand three hundred and sixty six employees, of which two hundred and six are located in California, and work out of Fortinet's world-wide

headquarters in Sunnyvale, California in the Northern District of California (Fortinet's only California facility). Fortinet has a total of seventeen employees that appear to work remotely and currently reside in Texas. These employees all work remotely, and all work in sales related activities. None of these employees are likely to have relevant information or to be called as witnesses in this investigation. To the extent any of these employees posses any relevant information, it will not be unique to them. Under these facts, it is highly unlikely that any relevant documents will be found in Texas.

5. I have reviewed Plaintiff's Opposition to Defendants' Motion to Transfer Venue to the Northern District of California ("Opposition") and, in particular, the section in which Plaintiff claims to have identified four current and two former Fortinet employees located in the Dallas area. Plaintiff purports to identify a Global Account Manager at Fortinet, a Major Account Manager at Fortinet, a Manager of America's TAM Services and U.S. Federal Support at Fortinet, a former Federal Systems Integrator Manager at Fortinet, and a former Regional Sales Manager at Fortinet. I have also reviewed Exhibit 12 to the Cuke Declaration and have only identified one current Fortinet employee listed in that exhibit: Patrick C., Manager – Technical Support.

6. It is unlikely that Patrick C. will testify or be called as a witness in this litigation. Patrick C.'s job responsibilities include managing a small group of technical account managers. Patrick C. and his group provide technical and sales support to specific accounts (companies) within their region and support for federal customers (agencies within the federal government). Patrick C. has not worked in the Fortinet engineering department and would not have the technical knowledge of the accused products enabling him to be able to speak authoritatively on the design and manufacture of the accused products. Patrick C. also does not have access to the relevant source code or engineering databases. Further, Patrick C. does not have the requisite knowledge to testify regarding marketing and sales. Patrick C.'s knowledge is limited to the specific customers, accounts, and

regions that he assists. Any relevant information in Patrick C.'s possession, however, will not be unique to him.

7. I have not been able to identify the other two allegedly current employees listed by title in the Plaintiff's Opposition. It is unlikely, however, that a Global Account Manager or Major Account Manager will testify or be called as a witness in this litigation. I believe these titles represent account managers within Patrick C.'s group. In general, while such employees may have information relating to specific customer installations, they will not be able to speak globally and authoritatively on Fortinet's products or sales. They also have only limited technical information, and, as with Patrick C., will not have access to Fortinet's source code or engineering databases. Any information in these employees' possession, however, will not be unique to them.

8. I have not been able to identify the two former employees listed by title in the Plaintiff's Opposition. It is unlikely, however, that a Federal Systems Integrator Manager or a Regional Sales Manager will possess information relevant to this litigation. In general, a Federal Systems Integrator Manager will be involved in projects for government agencies, and a Regional Sales Manager will be responsible for sales in a specific region of the United States. They will not be able to speak globally and authoritatively on Fortinet's technology or marketing and sales strategies. It is also unclear how long ago they worked for Fortinet and, as a result, any information that may have once been in their possession is likely now outdated. Any information in these former employees' possession, however, will not be unique to them.

9. I have identified the following Fortinet employees likely to be designated as corporate witnesses in this matter:
    a. Michael Xie, Fortinet's Chief Technology Officer
    b. Patrick Bedwell, Vice President Product Marketing
    c. Karoush Saraf, Senior Director Product Management
    d. Lin Huang, Vice President Engineering

    e.  Keith Andre, Director Finance

    f.  Radha Raj, Senior Director Corporate Business Solutions

    g.  Tim Emanuelson, Vice President Corporate Comptroller

All of these employees work full time in Fortinet's headquarters in Sunnyvale, California.

10.    Fortinet has significantly more customers located in the Northern District of California than in the Easter District of Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 10th day of March, 2011.

_____
Todd Nelson