IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NETWORK PROTECTION SCIENCES, LLC,

    Plaintiff,

  v.

JUNIPER NETWORKS, INC., FORTINET, INC., WATCHGUARD TECHNOLOGIES, INC., SONICWALL, INC., and DEEP NINES, INC.,

    Defendants.

No. C 12-01106 WHA

**ORDER DISMISSING ALL DEFENDANTS EXCEPT FORTINET, INC. FOR MISJOINDER UNDER FRCP 21**

      Plaintiff Network Protection Sciences, LLC filed this patent-infringement action two years ago in the Eastern District of Texas, naming five defendants and accusing each of infringing the same patent. Recently, the entire action was transferred to this district and the undersigned judge. An order to show cause why the action should not be severed for misjoinder was issued. In response to the order to show cause, defendants agreed that the action should be severed for misjoinder. Plaintiff argues that dismissal of all but one named defendant would be prejudicial because of the Patent Act's six-year limitation on damages. That is, because plaintiff filed this action two years ago in Texas, forcing it to re-file now against all but one of the defendants would reduce the recoverable damages period by two years for those re-filed actions. Plaintiff, however, offers only speculation as to the *actual* prejudice this would cause. The lone exception is that plaintiff alleges that defendant Fortinet, Inc. had notice of the asserted patent more than six years ago. Plaintiff does not identify any specific prejudice for the other four defendants. For the reasons below, this order will dismiss all defendants except Fortinet.

1   The defendants are unrelated companies that manufacture firewalls designed to ensure
2   secure communication and data exchange using a transparent application layer IP proxy server.
3   Significantly, they are not alleged to have acted in concert to infringe plaintiff's asserted patent.
4   None of the defendants have a corporate relationship with any other defendant. Defendants'
5   products were developed independently and are different from each other, and none of the
6   defendants are resellers for the products of any other defendant. Actions against them do not
7   share a common transaction or occurrence.

8   As set forth in FRCP 20(a)(2), multiple defendants may be joined together in one action
9   if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with
10  respect to or arising out of the same transaction, occurrence, or series of transactions or
11  occurrences; and (B) any question of law or fact common to all defendants will arise in the
12  action." In situations of misjoinder and nonjoinder of parties, FRCP 21 provides that "[o]n
13  motion or on its own, the court may at any time, on just terms, add or drop a party."

14  Proof of infringement necessarily would require proof of facts specific to each individual
15  defendant and to each accused product. The mere fact that the different defendants all
16  manufacture firewalls using a transparent application layer IP proxy server does nothing to
17  obviate the bone-crushing burden of individualized methods of proof unique to each product.
18  Factual differences will require separate discovery, evidence, and proof. Each defendant has
19  simply been thrown into a mass pit with others to suit plaintiff's convenience. In this
20  connection, the accused defendants — who will surely have competing interests and strategies
21  — also are entitled to present individualized assaults on questions of noninfringement,
22  invalidity, and claim construction. Additionally, the damages issues, wilfulness issues, time
23  frames, accused conduct, and discovery issues will obviously vary from company to company.
24  Whatever common issues may exist from product to product will be overwhelmed by the
25  individual issues of claim construction, damages, wilfulness, and discovery supervision.

26  For the foregoing reasons, pursuant to a finding of misjoinder under FRCP 21, all
27  remaining defendants except Fortinet are **DISMISSED**. This dismissal is without prejudice to the
28  claims being re-filed as separate actions against the different defendants.

If the actions are re-filed in this district, the undersigned judge would be willing to consider motions to relate. In order to decide motions to relate, the parties would have to identify which specific patent claims are being asserted against each defendant, including the sole remaining defendant in this action, Fortinet. If different claims are being asserted, the parties would need to explain how the asserted claims overlap. The parties also would need to explain the nature of the allegedly infringing products or systems. It would not be sufficient to give only the names of the allegedly infringing products. A full description of how the allegedly infringing products operate would be needed.

**IT IS SO ORDERED.**

Dated: June 13, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE