Pages 1 – 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

```
NETWORK PROTECTION SCIENCES, LLC,  )
                                   )
          Plaintiff,               )
                                   )
  vs.                              ) NO. C 12-01106 WHA
                                   )
FORTINET, INC.,                    )
                                   ) San Francisco, California
          Defendant.               ) Thursday
                                   ) May 9, 2013
_____) 8:10 a.m.
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

```
For Plaintiff          Gibbons P.C.
NPS                    One Pennsylvania Plaza, 37th Floor
                       New York, NY  10119-3701
                       (212) 613-2013
                       (212) 554-9658 (fax)
                  BY:  MICHAEL CUKOR


For Plaintiff          GCA Law Partners LLP
NPS                    1891 Landings Drive
                       Mountain View, CA  94043
                       (650) 428-3900
                       (650) 428-3901 (fax)
                  BY:  JILL F. KOPEIKIN


For Plaintiff          Capshaw DeRieux, LLP
NPS                    114 E. Commerce Avenue
                       Gladewater, TX  75647
                       (903) 236-8900
                       (903) 236-8787 (fax)
                  BY:  DAYMON JEFFREY RAMBIN
```

(Appearances continued on next page)

**Lydia Zinn, CSR #9223,  Official Reporter USDC  (415) 531-6587**

1   APPEARANCES CONTINUED

2   For Defendant              Quinn Emanuel Urquhart & Sullivan, LLP
    Fortinet                   50 California Street, 22nd Floor
3                              San Francisco, CA 94111
                               (415) 875-6600
4                              (415) 875-6700(fax)
                        BY:    JOHN M. NEUKOM
5                              ANDREW MICHAEL HOLMES

6   ALSO PRESENT:              TODD NELSON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        **THE COURT:**  *NPS versus Fortinet*.  Case Number 12–1106.

2        **THE CLERK:**  Counsel, can you please state your

3 appearances.

4        **MR. CUKOR:**  Good morning, Your Honor.  It's

5 Michael Cukor, from Gibbons P.C., for the plaintiff Network

6 Protection Sciences.

7        **MS. KOPEIKIN:**  Jill Kopeikin, for Network Protection

8 Sciences, as well.

9        **THE COURT:**  Your last name?

10        **MS. KOPEIKIN:**  Kopeikin.  K-o-p-e-i-k-i-n.

11        **THE COURT:**  All right.

12        **MR. NEUKOM:**  Good morning, Your Honor.  John Neukom,

13 for the defendant, Fortinet.

14     Also with me today is Drew Holmes, and vice president of

15 legal at Fortinet, Todd Nelson.

16        **THE COURT:**  Okay.  Welcome.  This is a motion for

17 leave to amend your invalidity contentions.  Please go ahead.

18        **MR. NEUKOM:**  Thank you, Your Honor.

19     I'm mindful of Your Honor's remarks earlier this morning

20 not to rehash every point made in briefing, so I would focus

21 Your Honor's attention on a couple of points.

22     This motion identifies three bases for good cause to amend

23 invalidity contentions.  Those three bases can be put into two

24 categories.  The first category is responding to the Court's

25 claim construction ruling.  The second category is fixing

1  mismatched contentions between the parties.

2      For the first category of good cause -- namely, the Court's

3  claim construction ruling -- that basis to amend applies to all

4  15 patent claims which are currently being asserted by

5  plaintiff.

6      Fortinet consistently interpreted this patent not to claim

7  just a transparent application level firewall, but rather, a

8  transparent application layer proxy based firewall.

9      Your Honor may remember that during the tutorial, and again

10  during the claim construction argument, we had a blowup of

11  Figure 4 from the patent, showing the two circles of arrows for

12  what we interpreted to be the two different communication

13  sessions.  I remind the Court of that because that discussion

14  was about proxy features of this patent.

15      Fortinet has been consistent in interpreting this patent to

16  claim a proxy based firewall in claim construction briefing and

17  invalidity contentions; even in the reëxamination request filed

18  in 2011.  We were unable to convince the Court to adopt our

19  proposed constructions on four of the six disputed terms;

20  namely, proxy process, generic proxy process, session, and the

21  process bound phrase.  All four of those terms went to how

22  narrowly or broadly this patent was going to be interpreted

23  with respect to proxy process.

24      We look forward to the next appropriate opportunity to ask

25  the Court to reconsider those claim construction rulings, but

 1  for the time being --

 2        **THE COURT:**  Well, there will be no such opportunity.

 3  We do not do reconsideration on claim construction.

 4     Now, that -- everything you said up to now is reasonable

 5  what you just said is unreasonable.  Where did you get the idea

 6  we're going to do that?

 7        **MR. NEUKOM:**  I didn't mean to be suggesting that we

 8  were, but if there were such an opportunity --

 9        **THE COURT:**  Please.  Please.  We're not going to --

10  you have lost those issues.  I can raise it, but you cannot.

11  If I decided halfway through trial I was wrong, I'll fix it;

12  but you cannot ask me to do that.  Otherwise, it would be a

13  donnybrook; a cascade of never-ending motions for

14  reconsideration.  So that is a nonstarter.

15     All right.  Go ahead.

16        **MR. NEUKOM:**  Thank you, Your Honor.

17     All the more so, in light of that, we intend to, of course,

18  live with the claim construction rulings for the time being.

19  We have to.

20        **THE COURT:**  For the time being?  I'm going to tell --

21  until you get to the Court of Appeals.  That's when you can

22  tell them that I was wrong.  And they may agree, but I'm --

23     Okay.  I understand your position.

24     Listen.  What's wrong with letting them make -- add --

25     Start off by saying something to you.  You asserted 51

1   claims.   Have you ever tried a patent case?

2       **MR. CUKOR:**   Yes, Your Honor.   We narrowed the claims.

3       **THE COURT:**   No, you didn't.   You expanded the claims.

4   You had 51 claims asserted.   We counted them up.

5       **MR. CUKOR:**   Your Honor, we only have 15 now.

6       **THE COURT:**   Yes.   Now you have.   Yes.   After all this

7   litigation, after the claim construction, you have 15.   That's

8   about five times too many, already.

9       **MR. CUKOR:**   Well, Your Honor --

10       **THE COURT:**   We're not going to go to trial.   This case

11   will never go to trial until you reduce it to one, two, or

12   three claims.   I'm telling you now it's not a triable case, and

13   no jury could understand it.

14    And you have imposed on this side an unreasonable burden,

15   in my judgment, to come out with 51 claims.   Then they do their

16   homework.   They give you the prior art on 51 claims.   Then --

17   and then you start -- then you expand it.   Then you reduce it.

18   Come on.   It's like a yo-yo going on.

19    So I'm going to give them the opportunity to put these in.

20   I'm just going to cut to the chase.   You're wrong on this.   You

21   are unreasonable as you're conducting this litigation.   And

22   they are entitled to do this.

23       **MR. CUKOR:**   Your Honor, can I be heard on this?

24       **THE COURT:**   Yes, you can be heard.

25       **MR. CUKOR:**   Okay.   First, if you deny this motion, we

**Lydia Zinn, CSR #9223,   Official Reporter USDC   (415) 531-6587**

1  will narrow our claims to five within two weeks.

2      Second --

3          **THE COURT:**  You're not going to -- no.  Forget that.

4  I'm going to grant this motion, and you're going to do it,

5  anyway.

6      Go ahead.

7          **MR. CUKOR:**  Your Honor, if you grant this motion,

8  you're expanding the case tremendously.

9          **THE COURT:**  Yes.  No, no, we're not.  If these claims

10  are invalid, you're going to wind up paying a lot of money to

11  them for bringing a malicious lawsuit.

12          **MR. CUKOR:**  Your Honor, these claims are not invalid.

13          **THE COURT:**  Well, then let them put these three pieces

14  of art.

15          **MR. CUKOR:**  The reason I do want them to bring this is

16  because it expands the case.

17          **THE COURT:**  Too bad.  Too bad.  You are expanding this

18  case and contracting it at your whim, until finally they

19  decided they wanted to put three pieces of art in.  You had 41

20  claims.  Then you went to 56 claims.  Now you're down to 15

21  claims.  Do you think that was reasonable?

22          **MR. CUKOR:**  Your Honor, when we last were here, you

23  asked me to reduce the number of claims.  And --

24          **THE COURT:**  Yeah.  Yes.

25          **MR. CUKOR:**  -- we did.  We did it without concession,

**Lydia Zinn, CSR #9223,  Official Reporter USDC  (415) 531-6587**

 1  without asking for anything in response to it.

 2      **THE COURT:**  You should have asserted 15 claims to

 3  begin with; not 56 claims.

 4      **MR. CUKOR:**  Your Honor, that's how -- during discovery

 5  is how we found out which claims were the best ones to go

 6  forward with.

 7      **THE COURT:**  You should have known going in.  See, you

 8  just brought a lawsuit on a gamble that you could get into

 9  their files; figure out some theory of liability.

10     That's the way these cases work.  That's why the patent

11  cases are a plague on the court system, is because you want to

12  get into their files; figure out how the systems work; tailor

13  your contentions to -- and your claim contentions to exactly

14  the way the product works.  I know how this -- the lawyers do

15  this, on both sides.  It's a plague on the system.  It's not

16  just your side.  It's a plague over there, too.

17     But in fairness, they are entitled to put in their -- have

18  their day in court.  And if these claims turn out to be

19  invalid, well, then, I guess NPS is going to be paying some

20  money in this case.

21      **MR. CUKOR:**  Your Honor, this is a software case.  We

22  have to look at their software before we were able to

23  understand fully --

24      **THE COURT:**  You should have known.  You could have

25  done some more homework.

**1**    Where does it say that you get to file a lawsuit saying

**2**  "Maybe -- maybe we have a lawsuit here, so let's get into their

**3**  source code and find out"?

**4**    It doesn't say that.

**5**         **MR. CUKOR:**  No, but we certainly had good reason to

**6**  believe that there was infringement, based on the publicly

**7**  available material.

**8**    But if I may just address the issue of these amended

**9**  contentions, the proposed amended contentions before you are

**10**  not a narrowing of the case.  They are an expanding.  They

**11**  incorporate by reference every other prior version of the

**12**  contentions.  That means that everything -- every piece of

**13**  prior art that was ever brought up, everything that was -- all

**14**  of the other arguments that were ever made are included in this

**15**  case.

**16**         **THE COURT:**  Is that true, Mr. Neukom?

**17**         **MR. NEUKOM:**  If that phrase in our Proposed

**18**  Contentions, I'm happy to agree with counsel today.

**19**         **THE COURT:**  Right now?

**20**         **MR. NEUKOM:**  Yes.

**21**         **THE COURT:**  That's out.  That's out.

**22**         **MR. CUKOR:**  Second thing, Your Honor.  It says in

**23**  their brief that they have only made two arguments under

**24**  35 U.S.C. 102 anticipation.

**25**    In fact, in the Proposed Contentions in front of you, every

1 single reference is argued as 35 U.S.C. 102 and 103.  That's

2 25, instead of two.

3          **THE COURT:**  Is that true?

4          **MR. NEUKOM:**  I don't believe that is true, Your Honor.

5 We've specifically called out two 102 references.  And then we

6 have presented the Court with a select number of obviousness

7 combinations.  It is drastically different than the prior

8 contentions which were prepared by Fortinet's prior counsel,

9 where there were 50 prior art references.  And they were

10 asserted as "any combination thereof"; meaning the number of

11 invalidity arguments being made was a fact total of 50.

12          **THE COURT:**  I'll hold you to what you just said.

13     All right.  What's your next point?  What's your next

14 grievance?

15          **MR. CUKOR:**  My next grievance this is going to cause

16 prejudice.  We're at the end of the stage of discovery.

17          **THE COURT:**  No.  We've got a few weeks left on

18 discovery.  You'd better get cracking, I guess.

19          **MR. CUKOR:**  There's a lot of discovery left to do.

20 There are a lot of factual issues.

21          **THE COURT:**  You've got until June something.  This is

22 only a May.  You have a whole month plus.  Get going on

23 discovery.  If they stonewall you, drag their feet, maybe I'll

24 give you an extension, but not yet.

25          **MR. CUKOR:**  Okay, Your Honor.

**Lydia Zinn, CSR #9223,  Official Reporter USDC  (415) 531-6587**

**1**     **THE COURT:** All right. I'm going to grant the motion,

**2** subject to your concessions today, Mr. Neukom. An Order will

**3** come out soon. Thank you.

**4**     **MR. CUKOR:** So I am sorry, Your Honor. The

**5** concessions today limited to just two 35 U.S.C. 102 references.

**6**     **THE COURT:** The concessions are on the record. Order

**7** a transcript from this nice young lady.

**8**     **MR. CUKOR:** Thank you, Your Honor.

**9**     **MR. NEUKOM:** I'm sorry, Your Honor. May I clarify one

**10** point?

**11**     **THE COURT:** Whatever you said on the record, you're

**12** stuck with.

**13**     **MR. NEUKOM:** I'm not going to revisit that. I'm happy

**14** to live with those comments.

**15**     **THE COURT:** All right. What do you want to say?

**16**     **MR. NEUKOM:** Your Honor made a comment that NPS should

**17** or will reduce their asserted claims to five within two weeks.

**18** And I just want to clarify with whether --

**19**     **THE COURT:** No. I'm not going to order them to do

**20** that, but I'm going to -- I'm going to say it again. You're

**21** never going to get this case to trial until it is trial ready.

**22** And no patent case is trial ready when you have 15 claims

**23** asserted. So it would behoove you, as the plaintiff, if you

**24** want to ever go to trial, to get this case trial ready. Give

**25** notice to the other side that you're only asserting *X, Y,* and

1  *Z.*

2     Now, if you don't want to do that, okay.  We'll drift along

3  for a while.

4         **MR. CUKOR:**  I do want to do that, Your Honor.  Is five

5  claims appropriate?

6         **THE COURT:**  Maybe.  Maybe not.

7         **MR. CUKOR:**  Okay.

8         **THE COURT:**  It depends on how complicated they are.  I

9  can't say, without looking at it.  The five might be.  I urge

10  you to do five.

11         **MR. CUKOR:**  Thank you, Your Honor.

12         **THE COURT:**  All right.  Thank you.

13         **MR. NEUKOM:**  Thank you, Your Honor.

14  (At 8:21 a.m. the proceedings were adjourned.)

15  I certify that the foregoing is a correct transcript from the

16  record of proceedings in the above-entitled matter.

17

18  _____  May 13, 2013
    Signature of Court Reporter/Transcriber   Date
19  Lydia Zinn

20

21

22

23

24

25