JOHN M. NEUKOM (SBN 275887)
ANDREW M. HOLMES (SBN 260475)
WILLIAM C. COOPER (SBN 279385)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:	(415) 875-6600
Facsimile:	(415) 875-6700
johnneukom@quinnemanuel.com
drewholmes@quinnemanuel.com
willcooper@quinnemanuel.com

Attorneys for FORTINET, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK PROTECTION SCIENCES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FORTINET, INC.,<br><br>Defendant. | CASE NO. 3:12-CV-01106-WHA<br><br>**DECLARATION OF JOHN M. NEUKOM IN SUPPORT OF FORTINET, INC.'S MOTION TO DISMISS FOR (i) LACK OF STANDING AND (ii) LITIGATION MISCONDUCT**<br><br>Hearing Date: July 18, 2013<br>Time:	8:00 a.m.<br>Judge:	William H. Alsup |

I, John M. Neukom, hereby declare:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am a partner with the law firm Quinn Emanuel Urquhart & Sullivan LLP. In the captioned case, I serve as lead counsel for the defendant, Fortinet, Inc. ("Fortinet"). I submit this factual declaration to support Fortinet's motion to dismiss.

2. **EXHIBIT 1** is a true and accurate copy of the "Initial Disclosures" that NPS served in this case, dated April 11, 2011.

3. **EXHIBIT 2** is a true and accurate copy of a declaration of Rakesh Ramde, which the Court's docket indicates was filed in this case by NPS on February 14, 2011.

4. **EXHIBIT 3** is a true and accurate copy of the web page located at http://www.imsciences.com/, as available on June 12, 2013.

5. Fortinet's fact investigation conducted in this case indicates that Rakesh Ramde and Wilfred Lam own and control a number of legal entities dedicated to patent ownership. Based on publicly available records—including Internet searches and incorporation filings—these entities appear to include businesses known as Unifi Scientific Advances, Unifi Scientific Batteries, Unistar Technologies, Network Protection Sciences, Network Directory Sciences, i2Z Technology, and Mount Hamilton Partners. Furthermore, according to Mr. Ramde's deposition testimony earlier this week, we understand but have not confirmed that Messrs. Ramde and Lam also own entities dedicated to patent ownership known as Divan Industries, Searchlight Advances and Mainstream Scientific.

6. I have pulled "Courtlink" records for certain legal entities that we understand are owned and controlled by Messrs. Ramde and Lam. A true and accurate copy of those records is attached as **EXHIBIT 4**. I have selectively reviewed some court filings for some of the litigations referred to in Exhibit 4. Based on my review of those filings, Network Protection Sciences, i2Z Technology and Unifi Scientific Batteries all claim the same physical address in east Texas, namely Suite 302 at 3301 West Marshall Avenue in Longview, Texas.

7. **EXHIBIT 5** is a true and accurate copy of the web page located at http://www.fortinet.com/aboutus/aboutus.html, as available on June 12, 2013.

8.     **EXHIBIT 6** is a true and accurate copy of the first page of U.S. Patent No. 5,623,601 ("the '601 patent").

9.     **EXHIBIT 7** is a true and accurate copy of a page produced by NPS in this litigation, bearing Bates stamp NPS0050164–NPS0050165, purporting to show an assignment of the '601 patent application from Hung Vu to Milkyway Networks.

10.    **EXHIBIT 8** is a true and accurate copy of a publicly-available securities filing by Milkyway Networks, entitled "Director's Circular," dated May 11, 1998.

11.    **EXHIBIT 9** is a true and accurate copy of pages produced by NPS in this litigation, bearing Bates stamps NPS0050166–NPS0050184, purporting to show an assignment of the '601 patent from Milkyway Networks to SLM Networks.

12.    **EXHIBIT 10** is a true and accurate copy of pages produced by NPS in this litigation, bearing Bates stamps NPS0050185–NPS0050194, purporting to show an assignment of the '601 patent to Bevertec CST Inc.

13.    **EXHIBIT 11** is true and accurate copy of the "Notice of Patent Expiration" of the '601 patent and related filings with the U.S. Patent & Trademark Office bearing Bates stamps FORT-NPS 179789–FORT-NPS 179807.

14.    **EXHIBIT 12** is a true and accurate copy of pages produced by NPS in this litigation, bearing Bates stamps NPS0050195–NPS0050198, purporting to show that Mount Hamilton Partners, LLC became the assignee of the '601 patent.

15.    **EXHIBIT 13** is a true and accurate copy of pages produced by NPS in this litigation, bearing Bates stamps NPS0050199–NPS0050202, purporting to show the supposed transfer of the '601 patent to NPS.

16.    According to NPS's infringement contentions, Exhibit 30, NPS did not produce Exhibit 13—the documentation of the supposed transfer to NPS—until the evening of August 31, 2012. If NPS ever produced this document earlier in the litigation than August 31, 2012, I have not been able to locate a record of that in the case file.

17. **EXHIBIT 14** is a true and accurate copy of interrogatory answers from NPS, dated April 8, 2011, and with a certificate of service dated April 11, 2011.

18. **EXHIBIT 15** is a true and accurate copy of the subpoena, for Gregory Cuke, served by email on NPS counsel on January 24, 2013.

19. **EXHIBIT 16** is a true and accurate copy of an email that counsel for Fortinet received on January 29, 2013.

20. **EXHIBIT 17** is a true and accurate copy of an email that counsel for Fortinet received on February 5, 2013.

21. Although counsel for NPS indicated, in Exhibit 17, that NPS would propose "timeframes" for depositions, including for Gregory Cuke's deposition, "in the next day or so" following February 5, 2013, I received no such proposal from NPS counsel "in the next day or so." According to my records and my memory, NPS counsel did not proposed any date for a deposition of Gregory Cuke until months thereafter.

22. **EXHIBIT 18** is a true and accurate copy of "objections" to the Cuke subpoena that I received from NPS counsel on February 19, 2013.

23. **EXHIBIT 19** is a true and accurate copy of an email that I sent to NPS counsel on March 26, 2013.

24. **EXHIBIT 20** is a true and accurate copy of an email that I sent to NPS counsel on March 28, 2013.

25. On or about March 29, 2013, I attended by telephone a meet-and-confer with counsel for NPS. Among the issues we discussed was Fortinet's request for deposition dates for NPS witnesses, including Gregory Cuke. NPS counsel did not provide any proposed dates for a deposition of Gregory Cuke during that meet-and-confer.

26. **EXHIBIT 21** is a true and accurate copy of interrogatory answers from NPS, dated March 1, 2013.

27. **EXHIBIT 22** is a true and accurate copy of a "verification" for NPS's interrogatory answers contained in Exhibit 21, which "verification" I received by email from NPS counsel on May 20, 2013.

28. **EXHIBIT 23** is a true and accurate copy of a letter that was sent to NPS counsel, from Fortinet counsel, via email on May 14, 2013.

29. **EXHIBIT 24** is a true and accurate copy of an email that I received on May 28, 2013.

30. Although NPS counsel stated—in Exhibit 24—that NPS would "investigate" the issue of NPS's deficient answer to Fortinet's Interrogatory No. 2 and would provide a "response" no later than May 31, 2013, I received no such response. Even as of today, I have received no supplemented answers from NPS to Interrogatory No. 2.

31. **EXHIBIT 25** is a true and accurate copy of an email that I received on May 30, 2013, eight days before the scheduled deposition of Gregory Cuke.

32. For the deposition of Gregory Cuke, I flew from San Francisco to Shreveport, Louisiana. At the deposition, Mr. Cuke was represented by a Gibbons P.C. attorney from New York, one of the law firms representing NPS in this case. I have reviewed the attorney's "web bio" on the web site for Gibbons P.C., located at http://www.gibbonslaw.com/biographies/attorney_biography.php?attorney_id=589, available as of June 12, 2013. While that "web bio" indicates that the attorney is admitted to practice in New York, New Jersey and Washington, D.C., as well as various federal courts, it does not indicate that he is admitted to practice in California or Louisiana.

33. I have also conducted an "attorney search" using the web site for The State Bar of California, and that search indicates that no attorney by the name of the Gibbons attorney in question is admitted to practice in California.

34. I have also reviewed the docket for this case in particular, which does not indicate that this Gibbons attorney has filed a notice of appearance in this case, nor filed a motion for *pro hac vice* admission for purposes of this case.

35. **EXHIBIT 26** is a true and accurate copy of the transcript of Gregory Cuke's deposition that I have received from the court reporter service responsible for that deposition. Although the transcript is marked "Confidential," I am filing this exhibit publicly, because I received an email from counsel for NPS and Gregory Cuke on June 11, 2013, stating that "Regarding the prior depositions of Messrs. Dallas Martin and Gregory Cuke, NPS withdraws the confidentiality designation requested at each respective deposition."

36. **EXHIBIT 27** is a true and accurate copy of a "LinkedIn" profile for Gregory Cuke as of June 5-6, 2013, and an exhibit at his deposition. Mr. Cuke testified that this was his LinkedIn profile, and that he created it, at his deposition. *See* Exh. 26 at 49:1-8.

37. **EXHIBIT 28** is a true and accurate print-out of Gregory Cuke's "Twitter" account as of June 5-6, 2013, and an exhibit at his deposition. Mr. Cuke testified that he made these "tweets." *See* Exh. 26 at 84:16-85:1.

38. **EXHIBIT 29** is a true and accurate copy of a floor-plan for the third floor of the office building located at 3301 West Marshall Avenue in Longview, Texas. This document was an exhibit at the deposition of Gregory Cuke. Mr. Cuke testified to the authenticity of this document. *See* Exh. 26 at 65:2-12.

39. **EXHIBIT 30** is a true and accurate copy of NPS's most recent infringement contentions in this case, dated August 31, 2012. With regard to the infringement chart contained in Exhibit 30, I have redacted citations to Fortinet's source code because that source code has been designated "Highly Confidential – Source Code" under the protective order entered in this action.

40. **EXHIBIT 31** is a true and accurate copy of a letter sent to NPS counsel on March 18, 2013.

//
//
//
//
//

41. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in Hanover, New Hampshire, on June 13, 2013.

           *s/ John M. Neukom*
           John M. Neukom