JOHN M. NEUKOM (SBN 275887)
ANDREW M. HOLMES (SBN 260475)
WILLIAM O. COOPER (SBN 279385)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
johnneukom@quinnemanuel.com
drewholmes@quinnemanuel.com
willcooper@quinnemanuel.com

Attorneys for Defendant
FORTINET, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK PROTECTION SCIENCES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FORTINET, INC.,<br><br>Defendant. | NO. 3:12-CV-01106-WHA<br><br>**DECLARATION OF WILLIAM O. COOPER IN SUPPORT OF NETWORK PROTECTION SCIENCES, LLC'S ADMINISTRATIVE MOTION FOR A SEALING ORDER RE: DOCUMENTS IN SUPPORT OF NETWORK PROTECTION SCIENCES LLC'S TRIAL BRIEF (DOCKET NO. 311)**<br><br>Judge: Honorable William H. Alsup<br>Pretrial Conf. Date: September 24, 2013<br>Time: 8:00 a.m.<br>Trial Date: September 30, 2013<br>Time: 7:30 a.m. |

I, William O. Cooper, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan LLP, counsel for the Defendant, Fortinet, Inc. ("Fortinet").

2. I submit this declaration to support Network Protection Sciences, LLC's (NPS's) Administrative Motion for a Sealing Order Re: Documents in Support of NPS's Trial Brief, entered at Docket No. 311 on Sept. 18, 2013.

3. I make this declaration from my direct, personal knowledge, including knowledge gained during my representation of Fortinet in this case.

4. In support of its administrative motion, NPS seeks to file under seal the following Exhibits:

5. **EXHIBIT 4A** to the Declaration of Jill F. Kopeikin in Support of Network Protection Sciences, LLC's Trial Brief (the "Kopeikin Decl."), which is a true and accurate copy of Exhibit 15(d) to the Expert Report of William R. Cheswick, dated July 3, 2013;

6. **EXHIBIT 4B** to the Declaration of Jill F. Kopeikin in Support of Network Protection Sciences, LLC's Trial Brief (the "Kopeikin Decl."), which is a true and accurate copy of Exhibit 15(b) to the Expert Report of William R. Cheswick, dated July 3, 2013;

7. **EXHIBIT 4C** to the Declaration of Jill F. Kopeikin in Support of Network Protection Sciences, LLC's Trial Brief (the "Kopeikin Decl."), which is a true and accurate copy of selected portions of the Expert Report of William R. Cheswick, dated July 3, 2013, namely ¶¶ 248, 251-252, 273-274, 276, 312, and 317;

8. **EXHIBIT 8** to the Kopeikin Decl., which is a true and accurate copy of the Transcript of deposition testimony of David Pensak, dated June 20, 2013;

9. **EXHIBIT 9** to the Kopeikin Decl., which is a true and accurate copy of the Transcript of deposition testimony of Phil Trubey, dated June 13, 2013;

10. **EXHIBIT 10** to the Kopeikin Decl., which is a true and accurate copy of Fortinet's Counsel's Engagement letter to Phil Trubey, dated June 5, 2013, and bearing the following bates number: FORTNPS192378;

1       11.    **EXHIBIT 20** to the Kopeikin Decl., which is a true and accurate copy of the Transcript of the deposition testimony of Todd Nelson, taken on June 26, 2013;

2       12.    **EXHIBIT 33** to the Kopeikin Decl., which is a true and accurate copy of the Transcript of deposition testimony of Gregory Cuke, dated June 7, 2013;

13. **EXHIBIT 34** to the Kopeikin Decl., which is a true and accurate copy of the Transcript of deposition testimony of Rakesh Ramde, dated June 11, 2013;

14. **EXHIBIT 41** to the Kopeikin Decl., which is a true and accurate copy of the Transcript of deposition testimony of Christian Hicks, dated August 5, 2013.

15. NPS submitted the above Exhibits under seal as attachments to its Trial Brief, entered at Docket Number 305, on September 17, 2013. In light of the Court's recent rulings regarding the sealing of documents in this case, Fortinet offers, as attachments to this Declaration, narrowly redacted versions of **Exhibits 4A, 4C, 8, 9, 10, 20, and 41** to the Kopeikin Decl. (collectively, "Proposed Sealed Exhibits"). Fortinet does not request that Exhibit 4B to the Kopeikin Decl. be filed under seal.

16. The Proposed Sealed Exhibits contain information that is highly sensitive and confidential and that, if publicized, would result in substantial competitive harm to Fortinet. All of this information has been designated as "Highly Confidential – Attorneys' Eyes Only" in accordance with the Protective Order entered in this action.

17. The Proposed Sealed Exhibits also contain documents relating to Fortinet's highly confidential, proprietary source code, configuration files, and analysis of that source code by Fortinet's and NPS's experts. Pursuant to the protective order entered in this case, this highly confidential testimony has been designated as "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." Fortinet carefully guards its source code and restricts access to it—and conversations about it—at all times. Further, Fortinet's source code is some of the most sensitive information that Fortinet has, and any public disclosure of conversations about it would harm its business.

18. The Proposed Sealed Exhibits also contain documents regarding non-public highly confidential Fortinet technical documents disclosing proprietary concepts contained in the

products accused of infringement in this case. This testimony relates to documents from internal Fortinet technical document repositories that are maintained by Fortinet's internal engineering team—they are not public or even readily accessible within Fortinet. Pursuant to the protective order entered in this case, this testimony has been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any disclosure of this non-public technical information would put Fortinet at a competitive disadvantage.

19. The Proposed Sealed Exhibits also contain documents relating to non-public business information, including language from non-public, highly confidential settlement, licensing, or related technology transaction agreements between Fortinet and third parties. Pursuant to the protective order entered in this case, this information has been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any disclosure of this sensitive non-public information would put Fortinet at a competitive disadvantage in future business negotiations and licensing deals.

20. Fortinet is extremely concerned that its competitors can make use of the non-public, proprietary information contained in the Proposed Sealed Motion and Proposed Sealed exhibits, and therefore respectfully proposes to make limited redactions to the Proposed Sealed Exhibits.

21. Two of the Proposed Sealed Exhibits, namely Exhibits 4A and 4C to the Kopeikin Decl., also contain information that is based on prior art Janus source code, which Fortinet understands via prior counsel was produced as "highly confidential" pursuant to requests from those that provided the source code. Thus, Fortinet moves to seal portions of those documents in order to maintain their designation as highly confidential.

22. Exhibits 33 and 34 to the Kopeikin Decl. were not designated confidential by Fortinet, and thus Fortinet takes no position as to whether those exhibits should be kept confidential.

23. NPS also filed a redacted version of its Trial Brief, entered at Docket No. 312, on September 18, 2013, redacting quoted portions of the above listed Proposed Sealed

04880.52079/5532010.1

-4-   Case No. 3:12-CV-01106-WHA
DECLARATION IN SUPPORT OF NETWORK PROTECTION SCIENCES' ADMINISTRATIVE MOTION

1  Exhibits. For the same reasons as described above, Fortinet moves to seal those portions of NPS's
2  Trial Brief in order to maintain their designation as confidential.
3      24.    I declare under penalty of perjury under the laws of the State of California
4  that the foregoing is true and correct, and that this declaration was executed in San Francisco,
5  California, on September 24, 2013.

7  DATED: September 24, 2013        Respectfully submitted,

By /s/ *William O. Cooper*
William O. Cooper
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700
willcooper@quinnemanuel.com

Attorneys for Defendant FORTINET, INC.

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be served by electronic mail upon the following:

| | |
|---|---|
| MICHAEL CUKOR<br>GIBBONS P.C.<br>One Pennsylvania Plaza, 37th Floor<br>New York, New York 10119-3701<br>Tel: (212) 613-2013<br>Fax: (212) 554-9658<br>mcukor@gibbonslaw.com | JILL F. KOPEIKIN<br>VALERIE M. WAGNER<br>GCA LAW PARTNERS LLP<br>2570 W. El Camino Real, Suite 510<br>Mountain View, CA 94040<br>Tel: (650) 428-3900<br>Fax: (650) 428-3901<br>jkopeikin@gcalaw.com<br>vwagner@gcalaw.com |
| VINCENT E. MCGEARY<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, NJ 07102-5310<br>Tel: (973) 596-4837<br>Fax: (973) 639-6477<br>vmcgeary@gibbonslaw.com | DAVID R. OWENS<br>BRUNO TARABICHI<br>OWENS TARABICHI LLP<br>111 N. Market St., Suite 730<br>San Jose, California 95113<br>Tel: (408) 298-8200<br>Fax: (408) 521-2203<br>dowens@owenstarabichi.com<br>btarabichi@owenstarabichi.com |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 24, 2013, at San Francisco, California.

*/s/ William O. Cooper*
William O. Cooper