IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NETWORK PROTECTION SCIENCES, LLC.,    No. C 12-01106 WHA

    Plaintiff,

  v.    **FINAL PRETRIAL ORDER**

FORTINET, INC.,

    Defendant.

      **FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

    1.    This case shall go to a **JURY TRIAL** on **SEPTEMBER 30**, at **8:00 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

    2.    For the reasons stated at the September 24 pretrial conference and September 25 hearing, this order rules as follows on the motions *in limine* submitted by Fortinet, Inc. and Network Protection Sciences, LLC (NPS):

- **Fortinet MIL #1:** NPS is granted leave to serve a trial subpoena on Secured Retail Networks principal John Gapinski. Aside from this narrow issue, the motion is **DENIED AS MOOT**.

- **Fortinet MIL #2:** NPS will be limited at trial to presenting on evidence on the willful infringement theories expressly disclosed in NPS's August 31, 2012 Patent Local Rule 3-1(h) disclosures. To this extent, the motion is **GRANTED**.

- **Fortinet MIL #3:** Based on the representation by defendant's counsel that Fortinet will not challenge the propriety of its own productions, the motion to exclude testimony from Quinn Emanuel attorneys is **DENIED WITHOUT PREJUDICE**. The motion to exclude the testimony of Dr. Bellovin is **GRANTED**. The motion to exclude the testimony of Attorney Coker is **DENIED**, subject to the following conditions: he may testify at trial after sitting for a two-hour deposition by Fortinet, the costs of which will be borne by Fortinet.

- **Fortinet MIL #4:** This motion is **DENIED AS MOOT**.

- **Fortinet MIL #5:** The motion is **DENIED**. Furthermore, due to Fortinet's failure to properly disclose the basis of its laches contentions, Fortinet is **PRECLUDED** from presenting this defense at trial.

- **NPS MIL #1:** The motion is **DENIED AS MOOT**. Fortinet confirmed that it will honor its withdrawal Dr. Kearl's opinion on validity.

- **NPS MIL #2**: The motion to exclude the testimony of non-infringement expert Mr. Hicks is **HELD IN ABEYANCE**. At trial, Fortinet will be permitted to lay a foundation for his testimony, followed by possible voir dire. Fortinet is **PRECLUDED** from referencing Mr. Hicks in its opening statement.

- **NPS MIL #3:** As to Mr. Cheswick's opinions based on a construction of the term "transparently," the motion is **DENIED**. Claim construction issues not covered in the prior claim construction order will be addressed in the jury instructions. As to Mr. Cheswick's alleged 'vouching' for facts, the motion is **DENIED**.

    As to the use of the Janus 2.1 reference and the alleged failure to disclose that theory, the motion is **DENIED**. In parallel with the recently-issued summary judgment order — which permitted the plaintiff to stand on its collective infringement contentions — this order holds that defendant's invalidity contentions are adequate under our patent local rules, subject to possible Rule 50 practice after the close of evidence at trial.

2

- **NPS MIL #4:** The motion to exclude the term "patent troll" is **DENIED**, subject to the following caveats: plaintiff should avoid use of the term unless doing so is unavoidable given the evidence presented by its expert Professor Lichtman; the parties shall also meet and confer regarding the possibility of substituting an alternate term.

    On the issue of whether evidence of litigation misconduct may be presented to the jury, the this order holds that both sides are entitled to explain to the jury what their lines of business are, including the finding that plaintiff company was formed for the purpose of asserting the '601 patent. The jury will naturally wish to understand who the parties are and how they fit into the national economy. It would be artificial to try to hide from the jury the true operations of the litigating entities.

    This issue also fits within the standing issue. Therefore, the nature of the facility in Texas, the Texas employee, and the reason for the office in Texas will all be permissible subjects for presentation in the presence of the jury. On the other hand, no reference will be made to stonewalling or other litigation misconduct — including stonewalling on the issue of standing — in the presence of the jury without prior permission of the Court.

    The final division of standing issues to be decided by the judge and by the jury will be determined after the close of evidence at trial.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

5. A jury of **EIGHT PERSONS** shall be used.

6. The parties agree that the Federal Judicial Center video "An Introduction to the Patent System" shall be shown to the jury. The time shall not be charged against either side.

7. By agreement, each side shall have **FOURTEEN HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements, closing arguments, jury selection, and the informational patent video shall not count against the limit. If, despite being efficient, non-duplicative, and

3

non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted. As agreed, each side shall have 30 minutes for opening statements. The time limit for closing argument shall be determined at a later date.

8. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

9. Trial briefs on issues to be resolved the following day shall be submitted by 5:00 p.m.; any reply submission will be due by 7:00 p.m.

10. The parties agree that expert witnesses may be present in the courtroom when any other witnesses are testifying.

**IT IS SO ORDERED.**

Dated:   September 26, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4